# EXHIBIT B

FILED

18 MAY 31 PM 3:25

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-13834-5 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

KATHRYN LISTER, an individual,

Plaintiff,

vs.

No.

HYATT CORPORATION, a Delaware
corporation d/b/a HYATT REGENCY
BELLEVUE,

COMPLAINT FOR DAMAGES

Defendant.

COMES NOW the Plaintiff Kathryn Lister, by and through her attorney of record, Rebeccah Graham, and alleges the following cause of action:

## I.    PARTIES JURISDICTION AND VENUE

1.1    Plaintiff Kathryn Lister is a resident of Bellevue, King County, Washington.

1.2    Defendant Hyatt Corporation is a Delaware corporation which conducts business in Bellevue, King County, Washington.

1.3    Plaintiffs' injuries and damages alleged herein, and Defendants' negligent acts and omissions as alleged occurred in King County, Washington.

1.4    The King County Superior Court exercises personal jurisdiction over the parties to this action, has subject matter jurisdiction over the subject matter of this action, and is the proper venue for this action.

COMPLAINT FOR
DAMAGES - 1



MAXWELL GRAHAM, PS
535 E SUNSET WAY
ISSAQUAH, WA 98027
T: 206.527.2000 F:425.484.2012
WWW.MAXWELLGRAHAM.COM

## II.  FACTS

2.1     Plaintiff Kathryn Lister is a licensed real estate broker who lives and works in King County. On June 15, 2017 she was 58 years of age.

2.2     On June 15, 2017 Plaintiff was celebrating her daughter's surprise return from Thailand with her family. Following dinner in Seattle, the family headed to 13 Coins restaurant in Bellevue, Washington for dessert. 13 Coins is located adjacent to the Bellevue Hyatt Regency. After being seated, Plaintiff headed to use the ladies room inside the Hyatt. Plaintiff is familiar with the layout of the Hyatt and 13 Coins, having been there as a patron on numerous occasions. She was aware that the closest ladies room was a short distance away in the lobby of the Hyatt and that customers of 13 Coins were expected to use those restrooms.

2.3     Plaintiff walked out of the double door entrance/exit to 13 Coins and headed into the Hyatt lobby. The restrooms are located off of the lobby area. The lobby area and the area leading to the restrooms are highly polished smooth ceramic tile. Below is a photograph of the lobby area where the restrooms are located. The sign on the left side indicates where the restrooms are.



COMPLAINT FOR
DAMAGES - 2



MAXWELL GRAHAM, PS
535 E SUNSET WAY
ISSAQUAH, WA 98027
T: 206.527.2000 F:425.484.2012
WWW.MAXWELLGRAHAM.COM

2.4    There is a short hallway that leads to both gender restrooms. As Plaintiff turned left to head down the short hallway to the restroom area, she looked up at the signage which directed her to the women's room. As she stepped forward, she encountered a wet surface on the floor with little traction. She was unaware of the wet contaminated surface around the corner and the sudden transition from the uncontaminated dry floor to the contaminated wet floor, overwhelmed her ability to navigate the terrain and she was unable to adapt to the new surface. She slipped on the wet surface and fell to the floor, landing on her left hip and causing injury. Plaintiff lost consciousness. When she regained her senses, she saw that she was covered in vomit on her left side and that the floor was covered with vomit. The photograph below shows the hallway that leads to both gender restrooms.



2.5    Plaintiff was unable to get up off the floor. She called out for help but no one came. She managed to drag herself into the Women's' restroom where she noted there was additional vomit all over the bathroom floor. She used a sink to pull herself and was then able to make her way back to the lobby for help.

COMPLAINT FOR
DAMAGES - 3



MAXWELL GRAHAM, PS
535 E SUNSET WAY
ISSAQUAH, WA 98027
T: 206.527.2000 F:425.484.2012
WWW.MAXWELLGRAHAM.COM

2.6    At the time of Plaintiff's fall, she was wearing a pair of new Jeffrey Campbell Havana Last slip-on toeless shoes. They have a textured rubber sole and a slightly elevated heel that tapers to the toe. She had not been drinking alcohol and does not drink alcohol. She was not under the influence of any medication, either prescribed or not.

2.7    Defendant Hyatt Corporation is the occupier of the premises where Plaintiff was injured and is responsible for any and all dangerous conditions on the property.

2.8    While on the premises, Plaintiff was a business invitee of Defendant within the meaning of Washington law.  *McKinnon v. Washington Federal Sav. & Loan Ass'n*, 68 Wn.2d 644, 414 P.2d 773 (1966) (adopting the definition of invitee set forth in Restatement (Second) of Torts § 332 (1965). *Accord Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 846 P.2d 522 (1993).

## III.    CAUSE OF ACTION

3.1    An owner or occupier of premises owes to a business or public invitee a duty to exercise ordinary care for his/her safety.  This includes the exercise of ordinary care to maintain in a reasonably safe condition those portions or the premises that the invitee is expressly or impliedly invited to use or might reasonably be expected to use.  Defendant is liable to Plaintiff because it knew of the condition or failed to exercise ordinary care to discover the condition, and should have realized that it involved an unreasonable risk of harm to Plaintiff Kathryn Lister, a business invitee.

3.2    The owner of property must inspect for dangerous conditions on the premises and make such repairs, safeguards, or warnings as may be reasonably necessary for the protection of invitees under the circumstances. *See Tincani v. Inland Empire Zoological Society,* 124 Wn.2d at 139 (1994).  As one Washington court stated, this duty of reasonable care includes an "affirmative duty to discover dangerous conditions." *Egede-Nissen v. Crystal Mountain,* 93 Wn.2d. 127, 132 (1980). Defendant is liable to Plaintiff for failing to inspect the premises for dangerous conditions and either repair, clean up or warn of the danger.

3.3    Defendant is also liable pursuant to the doctrine of *res ipsa loquitur* in that (1) the accident or occurrence that caused plaintiff's injury would not ordinarily happen in the absence of negligence, (2) the instrumentality or agency that caused the plaintiff's injury was in the

COMPLAINT FOR
DAMAGES - 4

MAXWELL GRAHAM, PS
535 E SUNSET WAY
ISSAQUAH, WA 98027
T: 206.527.2000 F:425.484.2012
WWW.MAXWELLGRAHAM.COM

exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence. *Curtis v. Lien*, 239 P.3d 1078 (2010).

3.4     As a direct and proximate result of Defendant's negligence, Plaintiff has sustained injuries and damages and is entitled to compensation in an amount to be proven at time of trial.

### IV.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays as follows:

1.     For a judgment in favor of Plaintiff and against the Defendant;

2.     For an award of damages in favor of the Plaintiff and against Defendant in amounts to be proven at the time of trial;

3.     For an award of prejudgment interest at the statutory rate on Plaintiff's economic damages;

4.     For an award of prejudgment interest on Plaintiff's non-economic damages to the extent allowed by law;

5.     For an award of Plaintiff's costs and disbursements;

6.     For an award of reasonable attorney's fees; and

7.     For such further relief as to the Court and/or the jury seems just.

Dated this __81__ day of May 2018

MAXWELL GRAHAM, P.S.

Rebeccah Graham WSBA # 20494
Attorney for Plaintiff

COMPLAINT FOR
DAMAGES - 5



MAXWELL GRAHAM, PS
535 E SUNSET WAY
ISSAQUAH, WA 98027
T: 206.527.2000 F:425.484.2012
WWW.MAXWELLGRAHAM.COM