UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN LISTER,<br><br>               Plaintiff,<br>v.<br><br>HYATT CORPORATION,<br><br>               Defendant. | CASE NO. C18-0961JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Defendant Hyatt Corporation d/b/a Hyatt Regency Bellevue's ("Hyatt") notice of removal. (NOR (Dkt. # 1).) For the reasons stated below, Hyatt's notice of removal fails to establish this court's subject matter jurisdiction. The court, therefore, ORDERS Hyatt to SHOW CAUSE, within fourteen (14) days of the date of this order, why this matter should not be remanded to state court.

The court has "an ongoing obligation to be sure that jurisdiction exists." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, the court reviews each case before it for the existence of federal

jurisdiction. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."). The removal statute is strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and there exists a "strong presumption against" removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, any doubt as to the right of removal is resolved in favor of remand. *Id.* In determining whether jurisdiction has been established, courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Hyatt alleges that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and that removal of the action from state to federal court is proper pursuant to 28 U.S.C. § 1441(a). (NOR ¶¶ 5-6.) In order to invoke the court's subject matter jurisdiction on removal, Hyatt bears the burden of establishing that there is complete diversity of citizenship between itself and Plaintiff Kathryn Lister, and that the amount in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a)(1); *see also Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) ("Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, . . . the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." (internal citations and quotation marks omitted));

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("[I]n a case that has been removed . . . under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, . . . the defendant . . . has the burden to prove, by a preponderance of the evidence, that removal is proper."). The issue before the court is whether Hyatt has met its burden with respect to the amount in controversy.

Hyatt alleges that the amount in controversy exceeds $75,000.00 "[b]ased upon [its] counsel's experience and the allegations of the Complaint." (NOR ¶ 6.) In the complaint, Ms. Lister alleges that she "slipped on [a] wet surface and fell to the floor" causing her injury. (Compl. (Dkt. # 1-2) ¶ 2.4.) She also alleges that she lost consciousness. (*Id.*) She claims that she is entitled to an award of damages, prejudgment interest, costs, and reasonable attorney's fees. (*Id.* at 5 (Prayer for Relief).) Nowhere in her complaint does Ms. Lister assert a specific amount of alleged damages or any portion thereof. (*See generally id.*)

In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014). However, Hyatt's averment does not constitute a "plausible allegation" that the amount in controversy is met. *See, e.g.*, *Martinez v. Vons Cos., Inc.*, No. 2:16–CV–02380–GMN–PAL, 2017 WL 3785215, at *2 (D. Nev. Aug. 30, 2017) (noting the defendant's reliance on the plaintiff's alleged medical costs, permanent disability and request for general damages was "too speculative" to establish the amount in controversy); *Helland v. M705 Kroger W./QFC*, No. 2:14-CV-01687, 2015 WL 11715590, at *2 (W.D. Wash. Feb. 20,

2015) (finding the defendant's "single speculative assertion" that the plaintiff's surgery and hospitalization would exceed $75,000 "fails to prevail under a preponderance of the evidence standard"). If the court questions the removing defendant's allegation regarding the amount in controversy, the removing defendant bears the burden to demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See Dart*, 135 S. Ct. at 554 (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus*, 980 F.2d at 566-67). Here, the court questions Hyatt's amount in controversy allegations. Accordingly, Hyatt must establish by a preponderance of the evidence that more than $75,000.00 is in controversy in this matter. *See Dart*, 135 S. Ct. at 553-54.

If subject matter jurisdiction is lacking, the court must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Accordingly, the court ORDERS Hyatt to SHOW CAUSE why this matter should not be remanded to state court. To do so, Hyatt must establish by a preponderance of the evidence that Ms. Lister has placed more than $75,000.00 in controversy based on the claims alleged in its complaint. Hyatt must submit this information within fourteen (14) days of the date of this order. If Hyatt does not timely and adequately comply with this order, the court will remand this action to state court for lack of subject matter jurisdiction. Ms. Lister may,

//

//

//

but is not required, to respond to the court's order within the same timeframe. The parties shall limit their responsive memoranda to no more than five (5) pages.

Dated this 19th day of July, 2018.

JAMES L. ROBART
United States District Judge