UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN LISTER,<br><br>                 Plaintiff,<br>    v.<br><br>HYATT CORPORATION,<br><br>                 Defendant. | CASE NO. C18-0961JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION |

## I. INTRODUCTION

Before the court is Plaintiff Kathryn Lister's motion to strike an affirmative defense or, in the alternative, to remand this action to state court. (Mot. (Dkt. # 9).) Defendant Hyatt Corporation ("Hyatt") opposes the motion. (*See generally* Resp. (Dkt. # 12).) The court has considered the motion, all submissions filed in support of and

//

//

//

ORDER - 1

opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Ms. Lister's motion.

## II. BACKGROUND

On June 15, 2017, Ms. Lister alleges that she slipped and fell on a contaminated floor covered in vomit as she walked to the restroom in the lobby of the Hyatt Hotel in Bellevue, Washington. (Compl. (Dkt. # 1-2) ¶ 2.4.) As a result of the fall, she lost consciousness and sustained injuries and damages. (*Id.* ¶¶ 2.4-2.5, 3.4.)

On May 31, 2018, Ms. Lister filed a complaint against Hyatt in King County Superior Court for Washington State. (*See id.* at 1.) She alleges that she is a resident of Bellevue, Washington. (*Id.* ¶¶ 1.1 ("... [Ms.] Lister is a resident of Bellevue, King County, Washington."); *see also id.* ¶ 2.1 ("... [Ms.] Lister ... lives and works in King County.").) Hyatt is a Delaware corporation with its principal place of business in Illinois. (NOR (Dkt. # 1) ¶ 3.) On June 28, 2018, Hyatt removed the action to federal court on grounds of diversity jurisdiction. (*See id.* ¶¶ 5-7.)

On July 6, 2018, Hyatt filed an answer to Ms. Lister's complaint. In its answer, Hyatt alleges an affirmative defense that Ms. Lister's injuries "may have been caused or contributed to by others over whom [Hyatt] had no control or authority" and that—pursuant to RCW 4.22.070—any recovery Ms. Lister obtains in this action must be apportioned to such persons in accordance with their percentage of fault. (Answer (Dkt. # 7) at 4 (stating sixth affirmative defense).) On July 26, 2016, Hyatt filed an amended

---

[1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and oral argument is not necessary for the court's disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

answer specifying that the identity of the other person or persons "who vomited or caused vomit or any other alleged substance to be on the floor" and to whom any recovery must be apportioned is "unknown at this time." (Am. Answer (Dkt. # 11) at 4 (stating amended sixth affirmative defense).)

On July 19, 2018, Ms. Lister filed a motion to strike Hyatt's affirmative defense or, in the alternative, to remand the action to state court. (*See* Mot.) Ms. Lister asserts that Hyatt is required to identify any nonparty that may be at fault and Hyatt's failure to do so warrants dismissal of the affirmative defense. (*Id.* at 3-4.) Alternatively, Ms. Lister argues that the court should remand the action because the unknown third party may be a Washington citizen destroying diversity jurisdiction. (*Id.* at 4.) Hyatt opposes Ms. Lister's motion. (*See generally* Resp.) The court now considers Ms. Lister's motion.

### III.    ANALYSIS

Ms. Lister asks the court to strike Hyatt's sixth affirmative defense based on Washington Superior Court Civil Rule 12(i). (Mot. at 3.) Rule 12(i) states:

> Nonparty at Fault. Whenever a defendant or a third party defendant intends to claim for purposes of RCW 4.22.070(1) that a nonparty is at fault, such claim is an affirmative defense which shall be affirmatively pleaded by the party making the claim. The identity of any nonparty claimed to be at fault, if known to the party making the claim, shall also be affirmatively pleaded.

Wash. Super. Ct. Civ. R. 12(i). Ms. Lister argues that Hyatt's failure to identify the unknown person who vomited is a violation of Civil Rule 12(i). (Mot. at 3.) Accordingly, Ms. Lister contends that the court should strike this affirmative defense under Federal Rule of Civil Procedure 12(f). (*Id.* (citing Fed. R. Civ. P. 12(f)).)

Hyatt argues that it did not violate Civil Rule 12(i) because it does not know the identity of the person who allegedly vomited in the subject area.[2] (Resp. at 3-4.) Rule 12(i) expressly states that Hyatt need only "affirmatively plead" the identity of the nonparty claimed to be at fault "if known to the party making the claim." Wash. Super. Ct. Civ. R. 12(i). Hyatt represents to the court that it does not know who allegedly vomited in the area in which Ms. Lister fell. (Resp. at 3 ("The identity of that person . . . is unknown at this time.").) Hyatt's lack of knowledge concerning this affirmative defense is unsurprising at this stage of the litigation. Ms. Lister filed her suit on May 31, 2018 (*see* Compl.), and did not serve Hyatt until June 8, 2018 (Resp. at 5). The parties have not yet engaged in discovery. (*Id.* at 4.) Because Hyatt does not know the identity of the party at issue, Hyatt did not violate Civil Rule 12(i) by failing to plead that party's identity in its affirmative defense number six.

Further, even if Hyatt is never able to identify the person who allegedly vomited in the area of the accident, Hyatt's lack of knowledge concerning the person's identity is not a basis for striking its affirmative defense. Under Washington's proportionate liability statute, Hyatt is entitled to plead an affirmative defense that unknown third parties or "empty chairs" are at fault for Ms. Lister's damages and those parties should be apportioned liability. *See Guerin v. Winston Indus., Inc.*, 316 F.3d 879, 884-85 (9th Cir.

---

[2] Hyatt also argues that Washington's Superior Court Civil Rule 12(i) is a state procedural rule that has no bearing on this federal action. (Resp. at 3.) Ms. Lister argues that there is no corresponding federal procedural rule and that Civil Rule 12(i) applies in this context. (Reply (Dkt. # 14) at 2-3 (citing *Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1286 (D. Ariz. 1996)).) The court need not decide this issue in the context of this motion because, even assuming Rule 12(i) applies, Hyatt's affirmative defense number six does not violate the rule.

2002) (citing RCW 4.22.070 and holding that the district court erred in dismissing an affirmative defense that unknown third parties were liable for the plaintiff's damages). Here, on the basis of Ms. Lister's allegations that she slipped in someone's vomit (*see* Compl. ¶¶ 2.4-2.5), there is sufficient factual predicate for Hyatt to plead such an affirmative defense. Accordingly, the court denies Ms. Lister's motion to strike Hyatt's affirmative defense number six.

Ms. Lister also argues that if the court does not strike Hyatt's affirmative defense, the court should remand the action because the unknown person who vomited may be a citizen of Washington who destroys diversity jurisdiction. (Mot. at 4.) Ms. Lister cites no authority for such a proposition (*see id.*), and the court could find none. Indeed, Ms. Lister's position is foreclosed by the Ninth Circuit's decision in *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In *Newcombe*, a former major league baseball pitcher, who was a recovering alcoholic, brought a state court suit against a beer company and others, who published a beer advertisement containing a drawing allegedly depicting the pitcher. *Id.* at 689-90. Defendants removed the action to federal court based on diversity jurisdiction. *Id.* at 690. The pitcher sought remand contending that complete diversity was lacking because the defendants had concealed the identity of the drawing's artist until after removal despite knowing that the pitcher intended to join the artist as a defendant and that the artist's presence in the suit would destroy diversity. *Id.* The Ninth Circuit held that "the district court was correct in only considering the domicile of the named defendants" at the time of removal. *Id.* Further, the Ninth Circuit held that "defendants were under no obligation to disclose the artist's identity prior to

discovery." *Id.* The Court concluded that "[b]ecause the defendants did not act improperly and because the statutory requirements for removal were met, removal was proper." *Id.*

The circumstances here are even more compelling than in *Newcombe*. Unlike the defendants in *Newcombe*, Hyatt does not know the identity of the person who allegedly vomited in the area of the accident at issue. (Resp. at 3.) Thus, the only parties properly in the suit at this time are Hyatt and Ms. Lister. Complete diversity of citizenship exists between the parties (*see* Compl. ¶¶ 1.1, 2.1; NOR ¶ 3), and the court concludes that Hyatt's removal of this action was proper.[3] Should Ms. Lister eventually discover the identity of the person who allegedly vomited and seek to add that person as a defendant, and should that person's citizenship destroy complete diversity among the parties in this suit, the court will consider the issue at that time pursuant 28 U.S.C. § 1447(e).[4] *See Newcombe*, 157 F.3d at 691 ("[T]he decision regarding joinder of a diversity destroying-defendant [under 28 U.S.C. § 1447(e)] is left to the discretion of the district court . . . ."). That issue, however, is not presently ripe; nor may it ever be ripe. The parties may never discover who allegedly vomited in the area of Ms. Lister's slip and fall accident. Hyatt

---

[3] Following removal, the court issued an order to show cause concerning the amount in controversy. (OSC (Dkt. # 10).) Hyatt responded with information indicating that Ms. Lister asserts that she fractured her hip in her fall, which required surgery to repair. (OSC Resp. (Dkt. # 13) at 2.) In addition, she asserts that her doctor has informed her that she ultimately require a hip replacement. (*Id.* at 3.) She is also claiming lost income as a result of her injuries. (*Id.*) Accordingly, the court is satisfied that the amount in controversy requirement for diversity jurisdiction is met.

[4] Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

properly removed this action as it is presently configured, and accordingly, the court denies Ms. Lister's motion to remand.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Ms. Lister's motion to strike an affirmative defense or, in the alternative, to remand this action to state court (Dkt. # 9).

Dated this 28th day of August, 2018.

JAMES L. ROBART
United States District Judge