UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN LISTER,<br><br>　　　　　　　Plaintiff,<br>　v.<br>HYATT CORPORATION,<br><br>　　　　　　　Defendant. | CASE NO. C18-0961JLR<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES 1, 2, AND 4-12 |

## I.　INTRODUCTION

Before the court is Plaintiff Kathryn Lister's motion for summary judgment on or to strike Defendant Hyatt Corporation's ("Hyatt") affirmative defenses 1, 2, and 4-12. (*See* Mot. (Dkt. # 22).) Hyatt opposes the motion. (*See* Resp. (Dkt. # 24).) The court has considered the motion, the submissions filed in support of and in opposition to the

//

//

//

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DEFERS RULING in part and DENIES in part Ms. Lister's motion. The court DIRECTS the Clerk to renote Ms. Lister's motion for fourteen (14) days from the filing date of this order.

## II. BACKGROUND

This matter arises from Ms. Lister's alleged 2017 slip and fall at the Hyatt Regency Bellevue. (*See* Compl. (Dkt. # 1-2) ¶¶ 2.1-2.8.) Ms. Lister alleges that on June 15, 2017, she slipped and fell in vomit near the entrance to the women's restroom next to the Hyatt Regency Bellevue's lobby. (*See id.*) Ms. Lister alleges she incurred injuries from the fall. (*See id*. ¶ 3.4.)

Hyatt states that the identity of the person who vomited is unknown. (*See* Resp. at 2.) Hyatt further states that no one reported the vomit prior to Ms. Lister's fall or asked Hyatt to clean it up. (*See id.* (citing Skinner Decl. (Dkt. # 25) ¶ 2, Ex. 1 ("Hugo-Taggart Dep.") at 30:19:31:1, 47:15-48:18, 76:16-77:18).) However, the deposition testimony that Hyatt cites does not necessarily support this conclusion. In her deposition, Ms. Roxanne Hugo-Taggart testifies as follows:

> Q: Did anybody tell you about the spill on the floor of the bathroom?
> A: I don't remember being reported the spill. But once I looked at my emails, it was – I had written that the 13 Coins hostess had informed me.
> Q: Okay. Do you know what time that was?
> A: I didn't write in the email what time it was. Again, I would have to speculate exactly what I wrote down. But, you know, in the following email chains, I said before midnight.

---

[1] No party has requested oral argument (*see generally* Mot. at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

> Q: Do you know when Kathryn fell, what time?
> A: I would have to speculate . . . exactly what time, but I wrote around midnight, I think I wrote 12:05ish.
> Q: Do you know where you got that time from?
> A: Looking at the time on the computer and writing it down on a note.
> Q: Do you know whether that the time would have been when you learned about from the person from 13 Coins?
> A: I don't remember.
> Q: Do you know what time Kathryn fell?
> A: No.

(Hugo-Taggart Dep. at 30:22-31:19.) Although Ms. Hugo-Taggart's testimony is not completely clear, it can be interpreted as supporting the notion that Hyatt received notice of vomit on the floor prior to Ms. Lister's alleged fall.

Hyatt filed an amended answer to Ms. Lister's complaint and asserted 12 affirmative defenses. (*See* Am. Answer (Dkt. # 11) at 3-6.) Ms. Lister served the following interrogatory inquiring as to Hyatt's factual basis, if any, for each of its affirmative defenses:

> **INTERROGATORY NO. 1:** State the facts upon which you base any affirmative defense to this lawsuit including the identities of any non-parties you allege may be liable for [Ms. Lister's] damages.

(*See* Mot. at 3.)[2] Hyatt responded to the interrogatory. (*See id.* at 3-5.) The court will address Hyatt's response to the interrogatory, as necessary, in its analysis of each

---

[2] In her motion, Ms. Lister quotes "**INTERROGATORY NO. 1**" and Hyatt's responses to that interrogatory. (*See* Mot. 3-5.) Ms. Lister cites Exhibit A of the declaration of Ms. Rebecca Graham in support of this quotation. (*See* Mot. at 5 n.2.) In her declaration, Ms. Graham purports to attach a copy of "Interrogatory No. 13," rather than Interrogatory No. 1, and Hyatt's answer to that interrogatory. (*See* Graham Decl. (Dkt. # 23) ¶ 3 ("Attached as Exhibit A is a true and correct copy of [Hyatt's] Answer to [Ms. Lister's] Interrogatory No. 13.").) However, Exhibit A to Ms. Graham's declaration consists of Hyatt's amended answer to Ms. Lister's complaint—not Hyatt's answer to any interrogatory. (*See id.* ¶ 3, Ex. A (attaching Hyatt's amended answer to the complaint).) Nevertheless, because Hyatt does not dispute the

challenged affirmative defense below. Following receipt of Hyatt's response to her interrogatory, Ms. Lister filed the present motion. (*See* Mot.) The court now addresses Ms. Lister's motion.

### III. ANALYSIS

#### A. Legal Standards

Ms. Lister brings her motion primarily as one for partial summary judgment under Federal Rule of Civil Procedure 56. (*See* Mot. at 6 (reciting the summary judgment standard).) Although courts sometimes construe motions for partial summary judgment on affirmative defenses as motions to strike under Federal Rule of Civil Procedure 12(f), *see Kerzman v. NCH Corp.*, No. C05-1820JLR, 2007 WL 765202 at *7 (W.D. Wash. Mar. 9, 2007), Rule 56(a) expressly states that a party may move for summary judgment on a "claim or defense," *see* Fed. R. Civ. P. 56(a). Further, the Ninth Circuit has at least implicitly endorsed such motions. *See Moore v. Safeco Ins. Co. of Am.*, 549 F. App'x 651, 654 (9th Cir. 2013) (stating that "the district court did not abuse its discretion in denying the [plaintiff's] initial motion for partial summary judgment on [the defendant's] fifth affirmative defense pending the completion of reasonable discovery pursuant to Federal Rule of Civil Procedure 56(d)"); *see also Ackerson v. City of White Plains*, 702 F.3d 15, 21 (2d Cir. 2012), *as amended* (Dec. 4, 2012) (stating that "the district court should have granted [the plaintiff's] motion for partial summary judgment on [the defendant's] probable cause affirmative defense"). The court, therefore, applies a

---

accuracy of Ms. Lister's quotation, the court will accept Ms. Lister's quotation of Hyatt's answer for purposes of deciding this motion.

summary judgment standard to portions of Ms. Lister's motion as described in the court's analysis section below.

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations and quotation marks omitted). The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Ms. Lister also cites Federal Rule of Civil Procedure 12(f), which states that "[t]he court may strike from a pleading an insufficient defense . . . ." (*See* Mot. at 1 (citing Fed.

//

//

R. Civ. P. 12(f)).)[3] As discussed below in the analysis section of this order, the court applies Rule 12(f) to portions of Ms. Lister's motion. Rule 12(f) authorizes the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter."[4] Fed. R. Civ. P. 12(f). A party may bring a motion to strike within 21 days after the filing of the pleading under attack. Fed. R. Civ. P. 12(f)(2). The court, however, may make appropriate orders to strike under Rule 12(f) at any time on its own initiative. *See* Fed. R. Civ. P. 12(f)(1). Thus, the court may "consider untimely motions to strike and to grant them if doing so seems proper." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380 (3d ed. 1998). When considering a motion to strike, the court must view

---

[3] Ms. Lister also argues that the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), applies to portions of her motion. (*See* Mot. at 7.) This court twice previously rejected the extension of *Iqbal* and *Twombly* to the pleading of affirmative defenses. *See Cal. Expanded Metal Prod. Co. v. Klein*, No. C18-0659 JLR, 2018 WL 6249793, at *8 (W.D. Wash. Nov. 29, 2018); *Bushbeck v. Chicago Title Ins. Co.*, No. C08-0755JLR, 2010 WL 11442904, at *2 (W.D. Wash. Aug. 26, 2010). Further, the Ninth Circuit recently held that "the 'fair notice' required by the pleading standards only requires describing . . . [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enters', Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). In so holding, the Ninth Circuit implicitly declined to apply the *Iqbal/Twombly* plausibility standard to the pleading of affirmative defenses. Accordingly, the court evaluates the sufficiency of affirmative defense pleadings under the "fair notice" standard. *See id.*; *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). However, the court does not review any portion of Ms. Lister's motion under a Rule 12(b)(6) standard. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010) (noting that Rule 12(f) motions and Rule 12(b)(6) motions are reviewed under different standards of review).

[4] A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by* 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id.* Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06–1455, 2007 WL 210586 (E.D. Cal. Jan.26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal .2005)).

the pleadings in the light most favorable to the pleading party.  *See, e.g.*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

In general, courts disfavor motions to strike, given the strong policy preference for resolving issues on the merits.  *See, e.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings.") (quotation marks and alterations omitted).  Nonetheless, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).  Indeed, the function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial. . . . ." *Whittlestone, Inc.* 618 F.3d at 973 (quoting *Fantasy, Inc.*, 984 F.2d at 1527).  Whether to grant a motion to strike lies within the discretion of the district court.  *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002).

**B.  Affirmative Defense 1:  Failure to State a Claim**

Hyatt's first affirmative defense is that Ms. Lister "fails to state a claim upon which relief can be granted."  (Am. Answer at 3.)  Ms. Lister asks the court to grant summary judgment against Hyatt on this affirmative defense on ground that it "'is not a proper affirmative defense.'"  (*See* Mot. at 7-8 (quoting Powell v. Union Pac. R.R. Co.,

864 F. Supp. 2d 949, 962-63 (E.D. Cal. 2012)).) The court declines to do so. Several district courts in the Ninth Circuit have concluded that "failure to state a claim" is not technically an affirmative defense, but rather asserts a defect in the plaintiff's prima facie case. *See, e.g.*, *Savage v. Citibank, N.A.*, No. 14-cv-03633-BLF, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015) ("[F]ailure to state a claim . . . may not technically be [an] affirmative defense[] . . . ."); *Jackson v. Persolve, LLC*, No. 14-CV-00725-LHK, 2014 WL 4090809, at 86 (N.D. Cal. Aug. 19, 20140 ("The Court agrees with Plaintiff that failure to state a cause of action is not an affirmative defense."); *Incase Designs, Inc. v. Marware, Inc.*, No. C14-00604 RS, 2013 WL 12214133, at *3 (N.D. Cal. May 3, 2013) ("Failure to state a claim asserts a defect in the plaintiff's case, rather than asserting an affirmative defense."); *Bushbeck*, 2010 WL 11442904, at *2-*3. Nevertheless, the Federal Rules of Civil Procedure state that "failure to state a claim" is a permissible defense that "may be raised . . . in any pleading allowed or . . . by motion under Rule 12(c) . . . or . . . at trial." Fed. R. Civ. P. 12(h)(2)(A)-(C). Granting Ms. Lister's motion on purely semantic grounds serves no purpose because the defense is available to Hyatt even through trial. *See Savage*, 2015 WL 4880858, at *4. Accordingly, the court DENIES Ms. Lister's motion on Hyatt's first affirmative defense.

**C.     Affirmative Defenses 6 and 10: Allocation of Non-Party Fault**

In its sixth affirmative defense, Hyatt alleges that a portion of the fault for Ms. Lister's injuries should be allocated to the person who vomited at the Hyatt Regency Bellevue. (Am. Answer at 4-5.) Similarly, in its tenth affirmative defense, Hyatt alleges that Ms. Lister's damages were caused by someone beyond Hyatt's direction,

supervision, or control. (*Id.* at 5.) Ms. Lister seeks summary judgment on these affirmative defenses arguing that Hyatt "cannot provide evidence that the vomit was negligently deposited on the floor where [Ms. Lister] slipped and fell." (*See* Mot. at 9.)

Without citation to authority, Hyatt argues that the court should not grant this portion of Ms. Lister's motion because fault can be allocated to the unknown individual who vomited on grounds that he or she "did not clean up the vomit," "did not report the vomit to the nearby front desk," and "did not flag down a passing security guard or Hyatt employee to either ask for help or report the incident." (Resp. at 7.) Hyatt argues that the conduct of the one who vomited "fell below the standard of care, because he or she created an allegedly hazardous condition but failed to address that condition in any manner." (*Id.*)

Ms. Lister argues that there is no evidence that the unknown individual who vomited breached a duty owed to Ms. Lister or that this breach caused Ms. Lister's injury. (Mot. at 9 (citing *Hansen v. Friend*, 824 P.2d 483, 485 (Wash. 1992); *Hartley v. State*, 698 P.2d 77, 82 (Wash. 1985)).) Ms. Lister argues that the unidentified individual must owe a duty to her individually, as the injured plaintiff, and not to the public at large. *See Alexander v. Cty. of Walla Walla*, 929 P.2d 1182, 1185 (Wash. Ct. App. 1997). Ms. Lister maintains that the duty articulated by Hyatt, if it exists at all, is a duty that the unknown individual owed to the public in general and not to Ms. Lister specifically. (Reply (Dkt. # 28) at 4; *see also* Resp. at 6-7.)

The court looks to "basic tort principles" in analyzing whether the unidentified person who vomited owes a duty to Ms. Lister individually. *Alexander*, 929 P.2d at

1185. The existence of a duty is a question of law determined by foreseeability and policy considerations. *Shepard v. Mielke*, 877 P.2d 220, 222 (Wash. Ct. App. 1994); *McKenna v. Edwards*, 830 P.2d 385, 389 (Wash. Ct. App. 1992). The test for foreseeability is "whether the actual harm fell within a general field of danger which should have been anticipated." *Rikstad v. Holmberg*, 456 P.2d 355, 358 (Wash. 1969). The court cannot say as a matter of law that a slip and fall was not within the general field of danger that the person who vomited should have been anticipated here. Indeed, the matter of foreseeability is generally one left to the jury. *Id.* at 359. Accordingly, the court DENIES Ms. Lister's motion for summary judgment on Hyatt's sixth and tenth affirmative defenses.

**D.     Affirmative Defenses 5:  Failure to Mitigate Damages**

Hyatt asserts in its fifth affirmative defense that Ms. Lister failed to mitigate her damages. (Am. Answer at 4.) Ms. Lister argues that Hyatt fails to come forward with any evidence that supports this affirmative defense and the court, therefore, should grant her motion for summary judgment on Hyatt's fifth affirmative defense. (Mot. at 8-9.) Indeed, Hyatt provides no evidence in response to Ms. Lister's contention interrogatory concerning this affirmative defense and only states that Ms. Lister has a duty to mitigate, that discovery is ongoing, and that Hyatt will supplement its response. (*See id.* at 4.)

In response to Ms. Lister's present motion, Hyatt argues, based on Federal Rule of Civil Procedure 56(d), that the court should defer ruling until "after the completion of pending, scheduled discovery." (Resp. at 8.) Hyatt identifies the following pending discovery as critical to its response to Ms. Lister's motion: (1) Ms. Lister's deposition,

(2) Hyatt's medical expert's examination of Ms. Lister, and (3) Ms. Lister's supplemental responses to discovery. (*Id.* (citing Skinner Decl. (Dkt. # 25) ¶ 7).)

"A party requesting a continuance pursuant to Rule 56(d) must identify by affidavit 'the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.'" *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (quoting *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006)). The facts sought must be "essential" to the party's opposition to summary judgment, Fed. R. Civ. P. 56(d), "and it must be 'likely' that those facts will be discovered during further discovery." *Stein*, 906 F.3d at 833 (quoting *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)).

The court reviewed Hyatt's submissions requesting a Rule 56(d)(1) deferral (*see generally* Skinner Decl.) and concludes that Hyatt meets the Ninth Circuit's criteria for granting such a deferral. However, between the time of Hyatt's response and this order, the parties' case schedule deadlines for completing discovery have now expired. (*See* Sched. Order (Dkt. # 19); *see also* 7/11/19 Order (Dkt. # 21) (extending expert disclosure deadlines).) Accordingly, the court orders Hyatt to file its completed response to Ms. Lister's motion on Hyatt's fifth affirmative defense within seven (7) days of the filing date of this order. If Hyatt fails to file a completed response, the court will grant Ms. Lister's motion on Hyatt's fifth affirmative defense. Ms. Lister may file a reply to Hyatt's completed response within seven (7) days of the filing date of Hyatt's completed response.

//

### E. Affirmative Defense 9: Assumption of Risk

Hyatt asserts in its ninth affirmative defense that Ms. Lister's claims "are or may be barred based on express or implied assumption of risk." (Am. Answer at 5.) Hyatt also asserts, alternatively, that Ms. Lister's "recovery, if any, may be reduced based on express or implied assumption of risk." (*Id.*) Ms. Lister moves to strike Hyatt's ninth affirmative defense concerning assumption of risk on the grounds that Hyatt "makes statements of law which may not be applicable to the current case" and that assumption of risk is not "a proper" affirmative defense. (Mot. at 11.) Specifically, Ms. Lister argues that there is "no evidence that [she] expressly assumed the risk of slipping on vomit," or that she impliedly assumed such a risk, "since slipping on vomit is not a risk inherent in walking to the bathroom." (*Id.* at 15.)

In Washington, there are "four taxonomies of the assumption of risk doctrine: (1) express, (2) implied primary, (3) implied unreasonable, and (4) implied reasonable." *Pellham v. Let's Go Tubing, Inc.*, 398 P.3d 1205, 1212 (Wash. Ct. App. 2017) (citing *Gregoire v. City of Oak Harbor*, 244 P.3d 924 (Wash. 2010)). The first two categories—express and implied primary—act as complete bars to a plaintiff's recovery. *Id.* In its response to Ms. Lister's motion, Hyatt narrowed its assumption of risk affirmative defense to "implied primary" assumption of risk.[5] (Resp. at 12.) Implied primary

---

[5] "Express assumption of risk occurs when the parties agree in advance that one of them is under no obligation to use reasonable care for the benefit of the other and will not be liable for what would otherwise be negligence." *Scott v. Pac. W. Mtn. Resort*, 834 P.2d 6, 13 (Wash. 1992). The third and fourth categories—implied unreasonable and implied reasonable—are alternative names for contributory negligence. *Leyendeck v. Cousins*, 770 P.2d 675, 678 n.2 (Wash. Ct. App. 1989).

assumption of risk arises when a plaintiff assumes a danger that is inherent in and necessary to the activity. *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621, 633 (Wash. 1994).

Hyatt provided no evidence in support of this affirmative defense in response to Ms. Lister's interrogatory. (*See* Mot. at 5.) However, Hyatt stated that the circumstances of the incident in question were "subject to ongoing discovery" and its answer "will be supplemented." (*Id.*) As it did with respect to its fifth affirmative defense, Hyatt asks the court to defer ruling on this aspect of Ms. Lister's motion until after Ms. Lister's deposition. (*See* Resp. at 13.) As noted above, the court reviewed the materials Hyatt submitted with its motion and concludes that Hyatt meets the Ninth Circuit's criteria for granting a Rule 56(d) deferral. *See* Fed. R. Civ. P. 56(d); *see Stein*, 906 F.3d at 833; *see supra* § III.D. Accordingly, the court orders Hyatt to file its completed response to Ms. Lister's motion on Hyatt's ninth affirmative defense within seven (7) days of the filing date of this order. If Hyatt fails to file a completed response, the court will grant Ms. Lister's motion on Hyatt's ninth affirmative defense. Ms. Lister may file a reply to Hyatt's completed response within seven (7) days of the filing date of Hyatt's completed response.

**F.     Affirmative Defenses 7 & 12:  Offset & Future Economic Damages**

Ms. Lister moves for summary judgment on Hyatt's seventh and twelfth affirmative defenses by arguing that they are not affirmative defenses at all but merely "statements about Washington law" and, in any event, Hyatt provides no evidence to support them. (*See* Mot. at 11, 15.) In its seventh affirmative defense, Hyatt asserts that

it is entitled to an "offset" in any award of damages for any payment Ms. Lister receives from any other party, nonparty, or entity at fault. (Am. Answer at 5.) In its twelfth affirmative defense, Hyatt states that if an award for future economic damages meets the statutory threshold amount, it intends to invoke the provisions of RCW 4.56.260. (*Id.* at 6.)

Under Washington law, "an offset constitutes an avoidance, and is therefore an affirmative defense." *Pub. Util. Dist. No. 2 of Pac. Cty. v. Comcast of Washington IV, Inc.*, 438 P.3d 1212, 1229 (Wash. Ct. App. 2019) (citing *Locke v. City of Seattle,* 137 P.3d 52, 61 (Wash. Ct. App. 2006) (holding that jury instructions placing the burden of proof for establishing the amount of an offset on the defendant City of Seattle were proper because an offset is "in the nature of an avoidance"), *aff'd*, 172 P.3d 705 (Wash. 2007)). Thus, the court declines to either grant summary judgment or strike Hyatt's seventh affirmative defense on grounds that it is not an affirmative defense.

Further, if a defendant fails to provide a plaintiff with sufficient notice that the defendant intends to rely on the periodic payment protections of RCW 4.56.250, the defendant may lose those protections. *See Esparza v. Skyreach Equip., Inc.*, 15 P.3d 188, 202 (Wash. Ct. App. 2000) (holding that the trial court did not abuse its discretion by denying a motion to convert a jury's lump-sum future economic damages award to periodic payments because the defendant failed to notify the plaintiff of its intention to request such relief until after the jury verdict in a personal injury action). Indeed, "[i]n order for the jury to properly perform its task, it must hear evidence regarding the judgment calls and determinations of fact" inherent in the "[c]onversion of future

damages to present value and converting present value to gross amounts," and the jury "must also be instructed whether to award any future damages at present cash value or some other value." *Id.* at 203. Thus, the court declines to grant summary judgment or to strike Hyatt's twelfth affirmative defense on grounds that it is merely a superfluous statement of Washington law.

Ms. Lister, however, also argues that Hyatt fails to provide any evidence in support of these affirmative defenses. (*See* Mot. at 15.) As it did with its fifth and ninth affirmative defenses, Hyatt asks the court to defer ruling on this portion of Ms. Lister's motion until after further discovery is complete. (Resp. at 11.) Specifically, Hyatt argues that these affirmative defenses are the subject of expert witness testimony, and Hyatt asks the court to defer ruling until after Ms. Lister is deposed and her medical examination is complete. (*Id.*) As noted above, the court reviewed the materials Hyatt submitted with its motion and concludes that Hyatt meets the Ninth Circuit's criteria for granting a Rule 56(d) deferral. *See* Fed. R. Civ. P. 56(d); *see Stein*, 906 F.3d at 833; *see supra* § III.D. Accordingly, the court orders Hyatt to file its completed response to Ms. Lister's motion on Hyatt's seventh and twelfth affirmative defenses within seven (7) days of the filing date of this order. If Hyatt fails to file a completed response concerning these affirmative defenses, the court will grant Ms. Lister's motion on these affirmative defenses. Ms. Lister may file a reply to Hyatt's completed response within seven (7) days of the filing date of Hyatt's completed response.

//

//

**G.     Remaining Affirmative Defenses 2, 4, 8, & 11**

Ms. Lister moves to strike Hyatt's second, fourth, eighth, and eleventh affirmative defenses. (*See* Mot. at 10-16.) She argues that these affirmative defenses are not actually affirmative defenses but rather "negative defenses"—or defenses that demonstrates that she has not met her burden of proof as to an element of one of her claims. (*See id.* at 11-12 (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174-75 (N.D. Cal. 2010)).) The court agrees as to Hyatt's fourth, eighth and eleventh affirmative defenses but disagrees as to Hyatt's second affirmative defense. Nevertheless, as discussed below, the court denies Ms. Lister's motion to strike these affirmative defenses.

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Hamilton v. Wal-Mart Stores, Inc.*, No. 517CV01415ABKKX, 2019 WL 1949456, at *14 (C.D. Cal. Mar. 4, 2019) (quoting *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987); citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). The defendant bears the burden of proof on an affirmative defense. *See Kastanis v. Educ. Emps. Credit Union*, 859 P.2d 26, 31 (Wash. 1993), *amended*, 865 P.2d 507 (1994) ("The defendant should bear the burden of proof only where it asserts an 'affirmative defense'."). In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

//

In Hyatt's second affirmative defense, Hyatt asserts that Ms. Lister "has a duty to see what was there to be seen," and to the extent she failed to do so she "was negligent." (Am. Answer at 4.) This affirmative defense addresses a form of contributory negligence. *See Cornejo v. State*, 788 P.2d 554, 557-58 (Wash. Ct. App. 1990) ("The 'duty of seeing' instruction is a specific application of the general instruction that defines negligence as "the failure to exercise ordinary care.") (citing WPI 10.01). Contributory negligence is an affirmative defense. *Spencer v. Badgley Mullins Turner, PLLC*, 432 P.3d 821, 836 (Wash. Ct. App. 2018) ("[Civil Rule] 8(c) requires parties to plead the affirmative defense of contributory negligence."). For this reason, the court denies Ms. Lister's motion to strike this affirmative defense.[6]

The court agrees, however, that Hyatt's fourth, eighth and eleventh affirmative defenses are "negative," rather than affirmative defenses. Hyatt's fourth affirmative defense states that the "alleged hazard of which [Ms. Lister] complains was an open and obvious condition for which [Hyatt] had no duty or obligation to protect or warn any person about." (Am. Answer at 4.) This "defense" goes to the existence of a duty by Hyatt toward Ms. Lister, which is part of Ms. Lister's prima facie case. *See Barker v. Skagit Speedway, Inc.*, 82 P.3d 244, 246 (Wash. Ct. App. 2003) ("To prove negligence, a plaintiff must establish the existence of a duty, a breach of that duty, resulting injury, and

---

[6] The court notes that giving a "duty to see" jury instruction is "probably redundant" of a general negligence instruction; and although such redundancy can be "harmless," it is not harmless when the redundancy "unfairly turns the jury's attention away from the clear evidence of the [defendant's] negligence, toward the question of [the plaintiff's] contributory negligence." *See Cornejo*, 788 P.3d at 588. The court, however, makes no determinations concerning jury instructions at this time.

proximate causation between the breach of the duty and the resulting injury."). Hyatt's eighth affirmative defense asserts that Ms. Lister's injuries may have been caused, in whole or in part, by pre-existing and/or subsequent conditions. (Resp. at 4.) This "defense" goes to both proximate cause and damages, which are also part of Ms. Lister's prima facie case. *See Hews v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-CV-00834-RAJ, 2016 WL 3655266, at *2 (W.D. Wash. July 8, 2016) ("Washington law provides that 'evidence of a symptomatic condition immediately before an aggravating accident is admissible on the issue of proximate cause.'") (quoting *Hoskins v. Reich*, 174 P.3d 1250, 1256 (Wash. Ct. App. 2008)); *see id.* ("[E]vidence of the natural progression of a preexsiting condition is relevant to damages.") (citing *Bennett v. Messick*, 457 P.2d 609, 612 (Wash. 1969)). Finally, Hyatt's eleventh affirmative defense denies any loss or damage due to any conduct or act of Hyatt or its agents. (*See* Resp. at 5-6.) This affirmative defense represents a patent negation of Ms. Hyatt's prima facie case.

Although the court has discretion to strike a negative defense, the court declines to do so because, at this late stage in the litigation, "striking negative defenses would do little more than tidy up the pleadings." *McBurney v, Lowe's Home Centers, LLC*, No. 1:13-cv-00540-ELJ-CWD, 2014 WL 2993087, at *3 (D. Idaho Jul. 2, 2014). If the court granted Ms. Lister's motion with respect to these defenses, it would not streamline the proceedings in any way. Hyatt would have to file yet another amended answer that, at most, merely omits the negative defenses. Yet, Ms. Lister would still have the burden of proving her prima facie case, and Hyatt could still argue that Ms. Lister does not state a claim or otherwise does not meet her burden with respect to one of the elements of her

claim. The court will not credit a motion to strike simply to "micro-manage the pleadings merely to credit [Ms. Lister's] technical points." *See id.*; *see also Jostad v. May Trucking Co.*, No. 6:19-CV-00031-AA, 2019 WL 3024658, at *2 (D. Or. July 10, 2019) (declining to strike negative defenses); *Saunders v. Fast Auto Loans, Inc.*, No. 2:15-2624 WBS CKD, 2016 WL 1627035, at *5 (E.D. Cal. Apr. 25, 2016) (designating mischaracterized affirmative defenses as defenses but denying plaintiff's motion to strike); *Kohler v. Islands Rest., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012) (declining to strike negative defense because "[n]egative defenses may also be raised in [the] answer"). Accordingly, the court denies Ms. Lister's motion to strike these affirmative defenses.

## IV.  CONCLUSION

As detailed above, the court DEFERS in part and DENIES in part Ms. Lister's motion (Dkt. # 22). The court orders Hyatt to file its completed response to Ms. Lister's motion on Hyatt's fifth, ninth, seventh and twelfth affirmative defenses within seven (7) days of the filing date of this order. If Hyatt fails to file a completed response concerning these affirmative defenses, the court will grant Ms. Lister's motion on these affirmative defenses. Ms. Lister may file a reply to Hyatt's completed response within seven (7) days of the filing date of Hyatt's completed response. Finally, the court DIRECTS the

//

//

//

//

//

Clerk to renote Ms. Lister's motion (Dkt. # 22) for fourteen (14) days following the filing date of this order.

Dated this 15th day of October, 2019.

JAMES L. ROBART
United States District Judge