UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHRYN LISTER,<br><br>                Plaintiff,<br>v.<br><br>HYATT CORPORATION,<br><br>                Defendant. | CASE NO. C18-0961JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO QUASH A SUBPEONA |

## I. INTRODUCTION

Before the court is Defendant Hyatt Corporation's ("Hyatt") motion to quash the trial subpoena of Hyatt's Federal Rule Civil Procedure 30(b)(6) corporate designee, Sean Clark. (MTQ (Dkt. # 67).) The court has reviewed the motion, the parties' submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion and QUASHES the trial subpoena of Mr. Clark.

//

## II. BACKGROUND

The slip and fall incident that underlies this lawsuit occurred on or about June 15, 2017. (Pretrial Order (Dkt. # 66) at 2.) During discovery, Plaintiff Kathryn Lister requested a Rule 30(b)(6) deposition of Hyatt. (1/16/20 Skinner Decl. (Dkt. # 68) ¶ 2, Ex. 1.) Hyatt designated Mr. Clark as its Rule 30(b)(6) designated deponent. (*See id.* ¶ 3, Ex. 2 ("Clark Dep.").) Mr. Clark is the current Director of Operations at the Hyatt Regency Bellevue, where the alleged slip and fall occurred. (*See* Clark Dep. at 4:24-5:5.) He has held this position since January 2019. (*Id.* at 5:11-14.) He was not employed at the Hyatt Regency Bellevue at the time of Ms. Lister's accident. (*Id.* at 8:10-13.) He attests that he does not have any personal knowledge of Ms. Lister's fall, but only learned about it through discovery in this lawsuit. (*Id.* at 8:10-15; *see also* Clark Decl. (Dkt. # 69) ¶ 2 ("I was not working at this property on June 15, 2017[,] and have no personal knowledge of the incident involving . . . [Ms.] Lister that is at issue in this lawsuit."); *id.* ¶ 3 (". . . I have no personal knowledge of the circumstances surrounding the incident involving the plaintiff.").)

On August 6, 2019, Ms. Lister's counsel deposed Mr. Clark as Hyatt's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6). (*See* Clark Dep.); *see also* Fed. R. Civ. P. 30(b)(6). Following this deposition, Ms. Lister (1) did not raise any concerns regarding the adequacy of Mr. Clark's testimony, (2) did not request a meet and confer discovery conference with Hyatt's counsel concerning the sufficiency of Mr. Clark's testimony or knowledge as a corporate designee, and (3) did not bring any motion

//

to compel concerning Mr. Clark's Rule 30(b)(6) testimony. (*See* Skinner Decl. ¶ 4; *see also generally* Dkt.)

Ms. Lister designated portions of Mr. Clark's deposition transcript for use at the trial pursuant to Federal Rule of Civil Procedure 32(a)(3). (MTQ at 2); *see also* Fed. R. Civ. P. 32(a)(3). Hyatt provided evidentiary objections to certain portions of his testimony as well as counter-designations, but did not generally oppose the use of Mr. Clark's deposition at trial. The court has now ruled on those objections in anticipation of Ms. Lister's use of Mr. Clark's deposition transcript at trial. In addition to designating portions of Mr. Clark's deposition transcript for use at trial, Ms. Lister also served Mr. Clark with a trial subpoena, which Hyatt's counsel accepted on his behalf. (Skinner Decl. ¶ 5, Ex. 3.)

Trial in this matter is scheduled for January 27-31, 2020. Mr. Clark is "scheduled to be out of the state on family business" between January 25-31, 2020. (Clark Decl. ¶ 5.) He attests that cancellation of this trip so that he could be available to testify at trial "would create a hardship" for him and his family. (*Id.* ¶ 6.)

In an attempt to resolve their dispute, Hyatt and Ms. Lister agreed to conduct a perpetuation deposition of Mr. Clark prior to trial, so that he would not be required to cancel his trip. (*See* Maxwell Decl. (Dkt. # 72) ¶ 3, Ex. A.) However, Hyatt continues to ask the court to either quash the trial subpoena, or alternatively, to limit the scope of Mr. Clark's perpetuation deposition to his personal knowledge as opposed to Hyatt's corporate knowledge. (*See* Reply (Dkt. # 82) at 1.)

The court now considers Hyatt's motion.

## III. ANALYSIS

Federal Rule of Evidence 602 requires that a trial witness have "personal knowledge" of the matters about which the witness testifies. *See* Fed. R. Evid. 602. Nevertheless, Federal Rule of Civil Procedure 30(b)(6) allows a corporation to designate a representative to testify about matters within the corporation's knowledge during a deposition. *See* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization."). Further, Rule 32(a)(3) permits an "adverse party"—such as Ms. Lister—to "use for any purpose the deposition of a party . . . who, when deposed, was the party's . . . designee under Rule 30(b)(6) . . . ." Fed. R. Civ. P. 32(a)(3). Thus, Ms. Lister is entitled to use Mr. Clark's Rule 30(b)(6) deposition at trial in this matter.

Hyatt argues, however, that Ms. Lister is not permitted to call Mr. Clark to testify as Hyatt's corporate designee during trial because this would violate the "personal knowledge" requirement of Rule 602. (MTQ at 5 (citing Fed. R. Evid. 602).) Hyatt argues that, although Rule 30(b)(6) provides for a narrow exception to the "personal knowledge" requirement for corporate designees during a discovery deposition, the exception does not extend to trial testimony. (*See id.* (citing Fed. R. Civ. P. 30(b)(6)).) Thus, Hyatt contends that although Ms. Lister may utilize Mr. Clark's Rule 30(b)(6) deposition at trial, she may not call him as a trial witness to testify about facts beyond his personal knowledge. (*Id.* at 3-4; *see also* Reply at 3-4 (citing *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010)).) Hyatt further argues that because Mr. Clark has no personal knowledge of the incident at issue, the court

should quash his trial subpoena. (Resp. at 6-7.) Hyatt contends that if the court does not quash the trial subpoena, the court should limit any perpetuation deposition to those facts within Mr. Clark's personal knowledge concerning the June 15, 2017, incident, because Ms. Lister has already had an opportunity to depose Mr. Clark as Hyatt's Rule 30(b)(6) designee, and she should not have a second bite at the apple. (*See id.* at 3-4; Reply at 3-4.) As noted above, however, Mr. Clark has repeatedly stated that he has no such personal knowledge. (Clark Decl. ¶¶ 2-3.)

Ms. Lister argues that courts have permitted the testimony of Rule 30(b)(6) corporate designees at trial concerning not just their personal knowledge but also their "vicarious" testimony on behalf of the corporation. (Resp. (Dkt. # 71) at 2-4 (citing, among other authorities, *Sara Lee Corp. v. Kraft Foods, Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2001); *Brazos River Auth. v. G.E. Ionics, Inc.*, 460 F.3d 416, 435 (5th Cir. 2006)).) She asks the court to deny Hyatt's motion and to allow Mr. Clark's perpetuation deposition to move forward. (*See generally id.*)

The parties are correct that the case authority is split on the issue of whether a corporate designee may testify concerning matters outside of his or her personal knowledge at trial. *See, e.g.*, *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014) ("While Rule 30(b)(6) permits [a corporate representative's] deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge."); *Sara Lee Corp.*, 276 F.R.D. at 503 ("When it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal

knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve. For example, a party might force a corporation to 'take a position' on multiple issues through a Rule 30(b)(6) deposition, only to be left with the daunting task of identifying which individual employees and former employees will have to be called at trial to establish the same facts. This Court, therefore, will not limit [the corporate representative's] testimony strictly to matters within [his] personal knowledge."). The court found no authoritative ruling from the Ninth Circuit on this issue.

Nevertheless, the court need not decide the issue here because the court concludes that it should quash the subpoena on grounds of "undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Even if Mr. Clark had testimony based on personal knowledge to offer, the court would not require his attendance at trial because to do so would subject him to an "undue burden" given his out-of-state family obligations. (*See* Maxwell Decl. ¶ 3, Ex. A); *see also* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("[T]he court . . . must quash or modify a subpoena that . . . subjects a person to undue burden."). Further, in the specific factual circumstances presented here, the court concludes that it would subject Mr. Clark to "undue burden" even to require his attendance at a perpetuation deposition, and accordingly, the court grants Hyatt's motion and quashes Ms. Lister's subpoena.

Rule 45(d)(3) provides that "[o]n timely motion, the court . . . is required to quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005); *Cunningham v. Gates*, No. CV.96-2666, 2006 WL 2294877, at *3 (C.D. Cal. Aug 2, 2006); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

Whether a subpoena is burdensome depends on the facts of the case. *Baca*, 226 F.R.D. at 653 (citing *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003)). "In determining the propriety of a subpoena, courts consider 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.'" *Thunderbird v. Oregon*, No. CV 08-1404-PK, 2010 WL 4483355, at *3 (D. Or. Oct. 12, 2010), *report and recommendation adopted*, No. CIV. 08-1404-PK, 2010 WL 4446706 (D. Or. Nov. 1, 2010) (quoting *Heat and Control Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)).

First, the court considers Ms. Lister's need for Mr. Clark's testimony at trial. Ms. Lister deposed Mr. Clark as Hyatt's Rule 30(b)(6) designee. (*See* Clark Dep.) She did not move to compel additional responses or information from Mr. Clark or any other Hyatt Rule 30(b)(6) designee during the discovery period. (*See generally* Dkt.) Based on Rule 32(a)(3), Ms. Lister sought the admission of Mr. Clark's Rule 30(b)(6) deposition at trial, and—other than specific evidentiary objections—Hyatt does not object to the use of Mr. Clark's Rule 30(b)(6) deposition. (*See* MTQ at 2 ("Defendant did not oppose the use of Mr. Clark's deposition designations under Rule 32(a)(3) and provided objections and counter-designations.")); *see also* Fed. R. Civ. P. 32(a)(3). The court expended time and resources to review the parties' deposition designations for Mr. Clark and to rule on the parties' objections therein. Nevertheless, in addition to Mr. Clark's deposition testimony, Ms. Lister now also seeks his appearance for testimony at trial or at least at a perpetuation deposition before trial. The court concludes that it would be fundamentally unfair to permit Ms. Lister to reopen Mr. Clark's Rule 30(b)(6) deposition during a

perpetuation deposition and then present additional Rule 30(b)(6) deposition testimony at trial that she failed to obtain during the discovery period and never timely moved to compel. The court agrees with Hyatt that Ms. Lister should not be permitted to reopen Mr. Clark's Rule 30(b)(6) deposition in this way.

Further, Mr. Clark has repeatedly attested that he has no personal knowledge of the incident at issue and has no relevant testimony based on personal knowledge to offer during a perpetuation deposition. (*See* Clark Dep. at 8:10-10:15 (indicating that Mr. Clark's knowledge of the incident at issue was based on his review of discovery materials); *see also* Clark Decl. ¶¶ 2-3.) Indeed, Mr. Clark did not begin working at the Bellevue Hyatt Regency until approximately 18 months after Ms. Lister's accident occurred. (*See* Clark Dep. at 5:11-14; 8:10-13.) Under Rule 45, where a person subpoenaed to testify has no relevant testimony to provide and was not a percipient witness to any event in the case, the subpoena is unduly burdensome. *See Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (quashing document subpoena reasoning that if the sought-after testimony is "not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue'"); *see also Jones v. Hirschfeld*, 219 F.R.D. 71, 78 (S.D.N.Y. 2003) (quashing a deposition subpoena because it would be an undue burden to compel third-party's testimony absent any basis for believing that he has non-privileged information regarding any relevant matter); *see also Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) ("The compulsion of production of irrelevant information is an inherently undue burden."). Other than

attempting a second bite at the Rule 30(b)(6) apple, Ms. Lister has not explained what relevant, percipient testimony Mr. Clark can provide in response to her subpoena. Given these circumstances, Ms. Lister's subpoena would subject Mr. Clark to "undue burden" whether he was required to appear at trial or for a perpetuation deposition because he has no additional testimony based on personal knowledge to offer.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Hyatt's motion to quash Ms. Lister's subpoena to Mr. Clark (Dkt. # 67).

Dated this 24th day of January, 2020.

_____
JAMES L. ROBART
United States District Judge